**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SK JALAL AHMED                                                                                       PLAINTIFF

v.                                         No. 4:17CV00308 JLH

WAREHOUSE DISTRIBUTING COMPANY;
TOM TATUM, II; MARCUS VADEN;
CONWAY COUNTY;
and DOES 1-10                                                                                      DEFENDANTS

**OPINION AND ORDER**

This action arises out of the prosecution of SK Jalal Ahmed for a hot check written by another individual. Authorities arrested Ahmed with a warrant in New York and transported him to Conway County, Arkansas, where prosecutor Tom Tatum II dismissed the case. Ahmed commenced this action on May 5, 2017, for a violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. He alleges six claims under 42 U.S.C. § 1983 against Tatum and deputy prosecutor Marcus Vaden[1], and Does 1-10; one section 1983 claim against Conway County; and a state-law negligence claim against all the defendants. Ahmed is a resident of New York. Warehouse Distributing Company is a privately-held company with offices in Morrilton, Arkansas. Tatum is the Prosecuting Attorney for the Fifteenth Judicial Circuit, which encompasses Scott, Logan, Yell, and Conway counties. Vaden is a Deputy Prosecuting Attorney for the Fifteenth Judicial Circuit. Conway County and the prosecutors have filed motions to dismiss. Documents #3 and #12. For the following reasons, the motions are granted.

---

[1] The six claims are false arrest, malicious prosecution, abuse of process, unreasonably prolonged detention, failure to intervene, and supervisory liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

# I.

Ahmed alleges the following facts in the complaint. In March 2012, a grocery-store owner named Noor Ali issued a check in the amount of $7,262.51 to Warehouse Distributing as payment for cigarettes, tobacco, and grocery items. Ali submitted the check in person to Tom Foster, a Warehouse Distributing employee. The check was drawn on a Bank of the Ozarks account in the name of Amina Investment, Inc., which Ali owned. The account did not contain sufficient funds and the check bounced. Meanwhile, Ahmed was living in New York.

In May 2012, Ahmed moved to Arkansas to manage a store. He remained there until August 2012. While managing the store, Ahmed obtained an Arkansas Driver's License and did business with Warehouse Distributing.

According to the complaint, the prosecutor's offices of the Fifteenth Judicial Circuit and Conway County have hot check divisions, which are operated as one division by Tatum and Vaden. If a merchant deposits a check and the check bounces, the merchant may ask the prosecutor to investigate. If the maker of the check is convicted and restitution is made, the prosecutor's offices receive a portion of the recovery.

Warehouse Distributing employee Carl Hill met with Tatum and Vaden in September 2012. He told them that Ali presented a hot check to Warehouse Distributing in March 2012. He gave the check to Tatum and Vaden and filled in the blanks of an affidavit template for hot check cases. The affidavit for warrant of arrest and information is attached to the complaint. Document #1 at 30. Hill stated that Ali was the maker of the check and listed Ali's home address, sex, race, height, weight, and phone number, but he listed Ahmed's driver's license number. *Id*. The information associated with Ahmed's driver's license on file with the Office of Motor Vehicle did not match the

2

information in the affidavit. Tatum and Vaden did not contact Foster, the Warehouse Distributing employee to whom Ali presented the hot check.

Tatum and Vaden filed a felony information charging that Ahmed violated Ark. Code Ann. § 5-37-305(b)(2)(A) and presented the information, along with a request for an arrest warrant, to Judge Daniel McCormick. Judge McCormick ordered that an arrest warrant for Ahmed be issued. The deputy county clerk issued the warrant and notice of it was subsequently put into various national law enforcement databases.

In May 2014, Ahmed was standing in the customs line at JFK International Airport when police officers approached him and placed him under arrest. Law enforcement officials transported Ahmed from New York to Arkansas, incarcerating him at several detention facilities along the way. Once in Arkansas, he appeared in court several times in defense of the hot check charge. Tatum filed a motion to dismiss the charge against Ahmed and Judge Jerry Don Ramey dismissed the case in August 2014.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual

allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

## III.

Tatum and Vaden are sued in their official and individual capacities. They contend that they are officers or employees of the State of Arkansas, which means that the claims against them in their official capacities are claims against the State of Arkansas, which is entitled to sovereign immunity. They also argue that the claims against them in their individual capacities are barred by absolute prosecutorial immunity.

**A.      The Official Capacity Claims Against Tatum and Vaden**

A claim against a public official in his official capacity is a claim against the entity of which he is an agent. *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). If Tatum and Vaden are officers or employees of the State of Arkansas, the claims against them in their official capacities are barred by sovereign immunity. *Westfall v. Oliver*, No. 6:14CV06110, 2017 WL 4005449 at *4 (W.D. Ark. Sept. 12, 2017). Ahmed contends that it is unclear as to whether they are officers or employees of the State. He cites state statutes providing that prosecuting attorneys' fees are payable to the county treasurers (Ark. Code Ann. § 16-21-2003(b)), that prosecutors' salaries are paid by the counties (Ark. Code Ann. § 16-21-2004(b)), that expenses incurred by the prosecutor's office for criminal investigations are paid by the counties (Ark. Code Ann. § 16-21-119), that the prosecutor cannot supplement his salary without approval of the quorum court (Ark. Code Ann. § 16-21-120(b)), and

4

that each county within a judicial district is required to pay the expenses of the prosecutor's office (Ark. Code Ann. § 16-21-156).

Despite these statutory provisions, the Supreme Court of Arkansas has said on at least three occasions that prosecuting attorneys are officers of the State, not officers of the counties. *Martindale v. Honey*, 259 Ark. 416, 418, 533 S.W.2d 198-99 (1976); *Smith v. Page*, 192 Ark. 342, 344, 91 S.W.2d 281, 282 (1936); *Griffin v. Rhoton*, 85 Ark. 89, 107 S.W. 380, 381 (1907). Ahmed argues that these cases are no longer good law because they relied on Arkansas Constitution art. 7, § 24, which was repealed by Amendment 80.

In the Arkansas Constitution of 1874, article 7 established the judicial department. Section 24 of article 7 created the office of prosecuting attorney within the judicial department. It provided that a prosecuting attorney should be elected by the qualified electors of each judicial district, that the prosecuting attorney must reside within the judicial district he serves, that the prosecuting attorney would be elected for a term of two years, and that the prosecuting attorney must be learned in the law. Amendment 80, which was approved by the voters in the November 2000 general election and became effective on July 1, 2001, repealed virtually all of article 7. Amendment 80, § 22. While section 24 of article 7 was repealed along with nearly all of the other sections pertaining to the judicial department, like those other sections, it was replaced with a new provision. Section 20 of Amendment 80 provides that prosecuting attorneys shall be elected by the qualified electors of each judicial district, they must be licensed attorneys in this state for at least four years preceding the date of assuming office, they must reside within the judicial circuit at the time of the election, and they serve for four-year terms. Thus, while the provision for prosecuting attorneys in article 7 was repealed, it was replaced with a similar provision in Amendment 80, again placing prosecuting

5

attorneys within the judicial department of the state government. That article 7, section 24, was repealed does not mean that *Martindale v. Honey*, *Smith v. Page*, and *Griffin v. Rhoton* are no longer good law on the issue of whether prosecuting attorneys are officers of the state: they were officers of the state government under article 7, section 24, and they are officers of the state government under Amendment 80, section 20.

This conclusion is supported by other provisions in the Arkansas Constitution which have not been repealed. Article 15, section 1, provides for impeachment of officers of the state government: prosecuting attorneys are included in that list. Article 19, section 31, provides that an independent citizens commission is to set the salaries of certain state constitutional officers and elected officials: prosecuting attorneys are included in that list. The Arkansas Constitution contains no similar provision for a commission to determine the amount and method of payment of salaries of county judges, county clerks, and other county officers.

Although deputy prosecuting attorneys are not officers of the state government, by statute they are state employees. Ark. Code Ann. § 16-21-157. Deputy prosecuting attorneys are appointed by the prosecuting attorneys. Ark. Code Ann. § 16-21-113(a)(1). The fact that deputy prosecuting attorneys, who are employees of the state government, are appointed by prosecuting attorneys again confirms that prosecuting attorneys are officers of the state government.

In short, prosecuting attorneys are officers of the State of Arkansas, and deputy prosecuting attorneys are employees of the State of Arkansas. Suits against them in their official capacities are, in effect, suits against the State of Arkansas. The State of Arkansas is entitled to sovereign immunity against such claims. Therefore, Ahmed's claims against Tatum and Vaden in their official capacities must be dismissed.

B.   The Individual Capacity Claims Against Tatum and Vaden

As noted, Tatum and Vaden argue that the claims against them in their individual capacities are barred by absolute prosecutorial immunity. Document #12. "Prosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). Prosecutors are not absolutely immune, however, from suits for damages arising out of functions performed outside the role of advocate. *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)). These include administrative and investigative functions. *Id*.

Ahmed argues that Tatum and Vaden have failed to show that they are entitled to absolute prosecutorial immunity for three reasons: (1) the arrest, incarceration, and prosecution, which Ahmed alleges were unlawful, resulted from the prosecutors performing an investigatory function; (2) listing Ahmed as the person to be arrested on the arrest warrant was a clerical error; and (3) the arrest resulted from the prosecutors functioning as complaining witnesses. Document #25 at 15-26.

The Supreme Court in *Buckley v. Fitzsimmons* explained that a prosecutor is entitled to immunity when functioning as an advocate but not when functioning as an investigator:

> When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." *Hampton v. Chicago*, 484 F.2d 602, 608 (CA7 1973) . . . Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction." 484 F.2d, at 608-09.

7

509 U.S. at 273, 113 S. Ct. at 2616; *See e.g.*, *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 247 (1991) (prosecutor was not absolutely immune for providing legal advice to police during pretrial investigation of the facts). The Eighth Circuit has acknowledged that "[p]reparation for initiation of the criminal process involves investigative work mixed with prosecutorial decision-making." *Williams*, 827 F.2d at 1210. And the Supreme Court in *Imbler v. Pachtman* recognized that drawing a distinction between investigative work and prosecutorial decision-making is difficult. 424 U.S. at 431 n.33, 96 S. Ct. at 995 n.33.

Tatum and Vaden argue they are entitled to absolute immunity because the alleged misconduct was closely related to the preparing and filing of the information. Document #13-1 at 4. Ahmed argues that Tatum and Vaden, acting in a non-judicial, investigatory capacity, conducted a deficient investigation into the issuance of the hot check and that the deficient investigation resulted in his arrest and prosecution. Document #25 at 19. What matters in evaluating how a prosecutor was functioning is the conduct for which immunity is claimed, not the harm that the conduct may have caused. *See Buckley*, 509 U.S. at 271-72, 113 S. Ct. at 2615. "The location of the injury may be relevant to the question whether a complaint has adequately alleged a cause of action for damages . . . . It is irrelevant, however, to the question whether the conduct of a prosecutor is protected by absolute immunity." *Id*.

The complaint alleges that Tatum and Vaden commenced an investigation upon receiving the hot check from Hill. Document #1 at 10, ¶68. The allegations regarding the investigation boil down to one assertion: Tatum and Vaden did not interview Tom Foster, who is the person to whom Noor Ali presented the hot check. *See id.* at 10-11, ¶¶68-77. Had a "modicum of reasonable and proper investigation been conducted," Tatum and Vaden would have realized that Ahmed was not

8

Noor Ali. *Id*. at 10-11, 13, ¶¶68-76, 89. Because Tatum and Vaden did not conduct a reasonable investigation, however, they relied on Hill's affidavit in petitioning for an arrest warrant and filing an information charging Ahmed with a felony hot check violation. *Id*. at 11, ¶77. Therefore, the arrest warrant and information contained false averments. *Id*. at 11, ¶¶77-85.

The gist of the complaint against Tatum and Vaden is that they should have done a more thorough investigation before filing a felony information and seeking an arrest warrant. The Eighth Circuit explained in *Williams v. Hartje*:

> In drawing the line between absolutely immune activity and other activity, we think the important consideration is not whether the act was one which could be done only by a prosecutor as attorney, but rather whether the act was closely related to the prosecutor's role as advocate. It would make little sense to immunize the prosecutor's decision to prosecute while not immunizing the immediately preceding steps which lead to that decision . . .We agree with the Court of Appeals for the Third Circuit that while some of a prosecuting attorney's preliminary investigative work may be analogous to a police detective's investigation, and should therefore be only qualifiedly immune, investigation to secure the information necessary to the prosecutor's decision to initiate criminal proceedings is within the quasi-judicial aspect of the prosecutor's job and therefore is absolutely immune from civil suit for damages. *See Forsyth v. Kleindienst*, 599 F.2d 1203, 1215 (3d Cir. 1979). *cert. denied*, 453 U.S. 913, 101 S. Ct. 3147, 69 L. Ed. 2d 997 (1981).

*Williams*, 827 F.2d at 1210 (prosecutor was absolutely immune for conducting an allegedly coercive jailhouse interview for the purpose of developing necessary information for coroner's inquest). *See also Imbler*, 424 U.S. at 431, 96 S. Ct. at 995 (prosecutor was absolutely immune for allegedly prosecuting defendant despite knowledge of a lie detector test that "cleared" him of wrongdoing); *Saterdalen*, 725 F.3d at 842 (prosecutor was absolutely immune because his acts in reviewing and approving the complaint against defendant were taken to initiate a criminal prosecution); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (prosecutor absolutely immune for filing a sworn criminal complaint unsupported by other documents); *Lewellen v. Raff*, 843 F.2d 1103, 1114 (8th

Cir. 1988) (prosecutor receiving complaints of criminal conduct, listening to tape recordings, and reviewing statutes are all part of prosecutor's traditional role of deciding whether to initiate a prosecution).

Tatum and Vaden's conduct falls squarely within the scope of the holding in *Williams*. Like the prosecutor in that case, Tatum and Vaden solicited an affidavit from Hill for the purpose of developing necessary information for initiating a prosecution. In fact, the affidavit is entitled "Affidavit for Warrant of Arrest and Information" and was filed with the Circuit Court of Conway County simultaneously with the information. Document #1 at 30-32. They filed charges against the wrong person because they examined Hill's affidavit and assumed without corroborating that "Noor Ali" was Ahmed's alias, but "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk*, 461 F.3d at 1046 (citing *Kalina v. Fletcher*, 522 U.S. 118, 127, 118 S. Ct. 501, 139 L. Ed. 2d 471 (1997)). The alleged wrongful act was that Tatum and Vaden filed a felony information against Ahmed without performing an adequate investigation. That act—deciding to file criminal charges—represents the exercise of a prosecutorial function. All of Ahmed's section 1983 claims against Tatum and Vaden arise out of actions or omissions while they were engaged in prosecutorial functions. Therefore, Tatum and Vaden are entitled to absolute prosecutorial immunity for the section 1983 claims alleged in the complaint.

C.  **The State-Law Negligence Claim Against Tatum and Vaden**

Although the cases that lead to the conclusion that Ahmed's section 1983 claims are barred are federal cases, the same conclusion applies to Ahmed's state-law negligence claim against them. In *Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990), the Arkansas Supreme Court followed

the federal line of cases in holding that prosecutors were absolutely immune from a complaint alleging state-law claims for malicious prosecution, abuse of process, and civil conspiracy. *Id.* at 572, 792 S.W.2d at 300. The court explained:

> The decision of a prosecutor to file criminal charges is within the set of core functions which are protected by absolute immunity. This is so even if the prosecutor makes that decision in a consciously malicious manner, vindictively, without adequate investigation, or in excess of his jurisdiction.

*Id.* In *Culpepper*, the court held that prosecutors were absolutely immune from claims based on acts committed within the scope of these prosecutorial functions. *Id.* Accordingly, Ahmed's negligence claim against Tatum and Vaden is also barred by absolute prosecutorial immunity.[2]

## IV.

As noted, Ahmed alleges that Tatum and Vaden were officers or employees of Conway County. Based on that allegation, he also alleges that Tatum and Vaden maintained a hot check division for Conway County. As explained above, those allegations are erroneous as a matter of law. Tatum was an officer of the state; Vaden was an employee of the state. Their actions were actions of the state, not actions of Conway County.

When the erroneous allegations that Tatum and Vaden were officers or employees of Conway County are disregarded, no substantive allegations remain against Conway County. No employee of Conway County is identified as having engaged in any misconduct. The complaint alleges that Tatum and Vaden exclusively conducted the investigation. Document #1 at 69. Because Tatum and Vaden were not employees of Conway County, and because the complaint fails to

---

[2] In any event, Arkansas does not recognize a tort of negligent prosecution. *DeHart v. Wal-Mart Stores, Inc.*, 328 Ark. 579, 946 S.W.2d 647 (1997).

identify any employee of the County who engaged in any misconduct, the complaint fails to state a claim against Conway County.

## CONCLUSION

For the foregoing reasons, Conway County's motion to dismiss is GRANTED. Document #3. The claims against Conway County are dismissed without prejudice. Tatum and Vaden's motion to dismiss is also GRANTED. Document #12. The claims against Tatum and Vaden are dismissed with prejudice.

IT IS SO ORDERED this 14th day of September, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE