**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SK JALAL AHMED                                                                                    PLAINTIFF

v.                                            No. 4:17CV00308 JLH

WAREHOUSE DISTRIBUTING COMPANY;
TOM TATUM, II; MARCUS VADEN;
CONWAY COUNTY; and DOES 1-10                                                      DEFENDANTS

## OPINION AND ORDER

SK Jalal Ahmed moves this Court to enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to defendants Tom Tatum, II, and Marcus Vaden. This Court dismissed Ahmed's claims against these defendants, finding the claims barred by both sovereign and prosecutorial immunity. Ahmed's claims against Warehouse Distributing Company remain.

Federal appellate jurisdiction usually extends only to cases in which a district court has issued a final judgment. *See* 28 U.S.C. § 1291. The final judgment rule means "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 673, 66 L. Ed. 2d 571 (1981). Rule 54(b) provides the following exception:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

It is well-settled that Rule 54(b) certification should be "used sparingly." *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, 792 F.3d 1017, 1020 (8th Cir. 2015). Before a district court grants such a motion, it must make two findings. First, it must ensure that it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S. Ct. 1460, 1464, 64 L. Ed. 2d 1 (1980). Second, it must "determine whether there is any just reason for delay." *Id.* at 8, 100 S. Ct. at 1464-65. "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (quotation and citation omitted). This inquiry involves consideration of "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8, 100 S. Ct. at 1465. Preventing piecemeal appeals is a weighty factor. *Id.*

Additionally, courts may consider the following factors when making a Rule 54(b) determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Hayden*, 719 F.2d at 269. The Eighth Circuit has also instructed courts to consider the type of claim certified for appeal. For example, the Eighth Circuit noted its reluctance to adjudicate sovereign immunity claims unless absolutely necessary. *See U.S. Fire Ins. Co. v. Smith Barney, Harris Upham & Co.*, 724 F.2d 650, 652–53 (8th Cir. 1983). The *Barney* court expressed its "grave concern of

mootness"—adjudication of the remaining claims may have made it unnecessary to resolve the immunity issue, which the court described as important and complex.

Here, the dismissal of these defendants is a final judgment within the scope of Rule 54(b). *See Curtiss-Wright*, 446 U.S. at 7, 100 S. Ct. at 1464 (explaining that a "final judgment" for Rule 54(b) purposes "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action'" (citation omitted)). Ahmed says that certification should be granted to prevent potentially having to relitigate the case and to resolve the immunity issue. The factors mentioned above, however, weigh against granting certification.

First, while a second trial would be administratively inefficient, the federal policy to which Rule 54(b) serves as an exception is concerned with the prevention of piecemeal appeals not second trials.[1] Second, entering a final judgment now on Ahmed's claims against Tatum and Vaden so that he could appeal would delay trial. Discovery would need to be stayed so that, if Ahmed succeeds on appeal, all parties could participate in discovery, which would mean that discovery would not commence until after the appeal. If the Eighth Circuit were to affirm the dismissal of Ahmed's claims against Tatum and Vaden, all of this delay would be for naught. All things considered, it is better to press forward with this case now than to put it on hold for the length of time an appeal

---

[1] The *Barney* court put it this way:

> We acknowledge that the district court has a full calendar and wishes to avoid duplicative litigation; however, courts of appeals are busy courts too. More importantly, the scope of our jurisdiction requires us to shun piecemeal and interlocutory appeals.

*Barney*, 724 F.2d at 653.

would take. Third, Ahmed's desire to resolve the immunity issues on appeal runs headlong into the Eighth Circuit's expressed policy against deciding such issues unnecessarily. Depending on the results of the litigation here, it may be unnecessary for the Eighth Circuit to resolve the immunity issues. If it becomes necessary for the Eighth Circuit to resolve those issues, it can do so in a single appeal with a single record for the entire case.

None of the other factors weigh so heavily in favor of certification as to warrant the findings required by Rule 54(b). The motion for certification under Federal Rule of Civil Procedure 54(b) is DENIED. Document #33.

IT IS SO ORDERED this 1st day of December, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE