# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SK JALAL AHMED                                                                                   PLAINTIFF

v.                                            No. 4:17CV00308 JLH

WAREHOUSE DISTRIBUTING COMPANY                                                DEFENDANT

## OPINION AND ORDER

This action arises out of the prosecution of SK Jalal Ahmed for a hot check written by a man named Noor Ali. Authorities arrested Ahmed with a warrant in New York and transported him to Conway County, Arkansas, where the prosecutor dismissed the case. Ahmed commenced this action on May 5, 2017. The only remaining claim is against Warehouse Distributing Company, a privately-held company with offices in Morrilton, Arkansas. An employee of Warehouse Distributing submitted an affidavit to law enforcement authorities falsely stating that Ahmed's driver's license number was the driver's license number of the person who wrote the hot check. Warehouse Distributing has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Document #37. Because this action is barred by the applicable statute of limitations, the motion is granted.

## I.

Ahmed alleges the following facts in the complaint. On or about March 20, 2012, a grocery-store owner named Noor Ali issued a check in the amount of $7,262.51 to Warehouse Distributing as payment for cigarettes, tobacco, and grocery items. Ali submitted the check in person to Tom Foster, a Warehouse Distributing employee. The check was drawn on a Bank of the Ozarks account in the name of Amina Investment, Inc., which Ali owned. The account did not contain sufficient funds and the check bounced. Meanwhile, Ahmed was living in New York.

In May 2012, Ahmed moved to Arkansas to manage a store. He remained there until August 2012. While managing the store, Ahmed obtained an Arkansas Driver's License and conducted business with Warehouse Distributing. Warehouse Distributing employee Carl Hill met with prosecutors on or about September 25, 2012. He told them that Ali presented a hot check to Warehouse Distributing in March 2012. He gave the check to the prosecutors and filled in the blanks of an affidavit template for hot check cases. The affidavit for warrant of arrest and information is attached to the complaint. Document #1 at 30. Hill stated that Ali was the maker of the check and listed Ali's home address, sex, race, height, weight, and phone number, but he listed Ahmed's driver's license number. *Id*. The information associated with Ahmed's driver's license on filed with the Office of Motor Vehicle did not match the information in the affidavit. The prosecutors did not contact Foster, the Warehouse Distributing employee to whom Ali presented the check. On June 19, 2013, they filed a felony information charging that Ahmed violated Ark. Code Ann. § 5-37-305(b)(2)(A) and presented the information, along with a request for an arrest warrant, to a county judge. *Id*. at 32-33. The judge ordered that an arrest for Ahmed be issued. The deputy county clerk issued the warrant and notice of it was subsequently entered into various national law enforcement databases.

On May 15, 2014, Ahmed was standing in the customs line at JFK International Airport when police officers approached him and placed him under arrest. Law enforcement officials transported Ahmed from New York to Arkansas, incarcerating him at several detention facilities along the way. Once in Arkansas, he appeared in court several times in defense of the hot check charge. The prosecutor eventually filed a motion to dismiss the charge against Ahmed and the judge dismissed the case in August 2014.

Ahmed alleges that he was physically and mentally injured, suffered a loss of enjoyment of life and a loss of liberty, suffered indignity and humiliation, was held up to scorn and ridicule, was injured in his character and reputation, suffered economic and pecuniary damages and loss, was deprived of constitutional rights, and suffered other damages. Document #1 at 17, ¶117.

**II.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its fact." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusion, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir 1985) (quotation omitted).

**III.**

Ahmed characterizes his claim against Warehouse Distributing as one for negligence. Document #1 at 4, ¶¶154-59 (seventh claim against all defendants). It is more accurately characterized as a claim for libel.[1] In Arkansas, the elements of a defamation claim for a private individual are that (1) the defendant published a false statement of fact concerning the plaintiff, (2) the statement of fact was defamatory, (3) the defendant acted with negligence in failing to determine the truth of the statement prior to its publication, and (4) the publication of the statement was a proximate cause of the plaintiff's damages. *Walmart Stores, Inc. v. Lee*, 348 Ark. 707, 731, 74 S.W.3d 631, 651 (2002). Such a false statement must be published, i.e., it must have been communicated to someone other than the plaintiff, and it must have caused actual harm to the plaintiff's reputation.[2] *Id.* Here, Ahmed alleges that (1) an employee of Warehouse Distributing published a false statement of fact about him by telling law enforcement officials that his driver's license number was the driver's license number of the person who wrote the hot check; (2) the employee acted negligently in failing to determine the truth of the statement before making that statement to law enforcement authorities; and (3) the statement damaged his reputation. Of course, a statement that a person committed a criminal act is defamatory. *See Bland v. Verser*, 299 Ark. 490, 492, 274 S.W.2d 124, 125 (1984).

---

[1] When deciding what statute of limitation applies, the Court must look to the face of the complaint to see its "gist." *Kassees v. Satterfield*, 2009 Ark. 915, 303 S.W.3d 42, 45.

[2] Making a good faith report of criminal activity is privileged, so there is no cause of action for negligently reporting activity thought to be criminal. *Id.* at 736, 74 S.W.3d at 654. The issue of privilege, however, has not been raised in the motion before the Court.

The same statute of limitations applies whether the claim is characterized as one for libel or one for ordinary negligence. Ark. Code Ann. 16-56-105 (Repl. 2005); *see O'Mara v. Dykema*, 328 Ark. 310, 317, 942 S.W.2d 854, 858 (1997). The issue is when the period of limitations begins to run.

In determining when the statute of limitations begins to run, Arkansas courts follow the occurrence rule. *Bryan v. City of Cotter*, 2009 Ark. 457, 5, 344 S.W.3d 654, 657; *Hill v. Hartness*, 2017 Ark. App. 664, 5-6, 536 S.W. 3d 649, 652; *Tate v. Lab. Corp. of Am. Holdings*, 102 Ark. App. 354, 285 S.W.3d 261, 262-63 (2008). At least in the context of professional negligence, "this rule provides that the statute of limitations . . . begins to run, in the absence of concealment of the wrong, when the negligence occurs and not when it is discovered." *Moix-McNutt v. Brown*, 348 Ark. 518, 74 S.W.3d 612, 613 (2002) (citing *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998)). The Arkansas Supreme Court stated in *Chapman v. Alexander*: "In ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action." 307 Ark. 87, 817 S.W.2d 425, 426 (1991). Relying on this language from *Chapman*, Ahmed argues that his cause of action for ordinary negligence was not complete until he incurred damages—upon his arrest—and so the statute of limitations did not begin to run until May 15, 2014. Document #39 at 14.

Although it does not appear that Arkansas courts have decided when a cause of action for defamation accrues, the general rule is that a defamation action accrues when the defamatory matter is published. 4 Modern Tort Law: Liability and Litigation § 36:35 (2d ed.). Here, as noted, the employee of Warehouse Distributing completed the affidavit making the false statement about Ahmed and delivered it to law enforcement authorities on September 25, 2012. Document #1 at 8,

5

¶55. Under the general rule, therefore, the statute of limitations began to run on that day and expired three years later, on September 25, 2015. Moreover, Ahmed is in error when he argues that he did not suffer damage until he was arrested. As noted, the prosecutor filed a felony information charging Ahmed with the crime of writing a hot check on June 19, 2013. *Id*. at 32-33. Thus, law enforcement authorities concluded that Ahmed was the person who wrote the hot check by that date, which means that Ahmed suffered some damage to his reputation and his cause of action against Warehouse Distributing was complete no later than that date. *Cf. Northport Health Servs., Inc. v. Owens*, 356 Ark. 630, 642, 158 S.W.3d 164, 172 (2004) (showing of harm to establish damages is "slight"). As noted above, Ahmed commenced this action on May 5, 2017, which was more than three years after he suffered damage to his reputation.

Ahmed also argues that New York law should apply because that is where he was injured. To the contrary, he was injured in Arkansas where the allegedly false statement was made and where his reputation was first injured. Even if New York law applies, Ahmed has not shown that it would lead to a different result.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. Document #37. This action is dismissed with prejudice.

IT IS SO ORDERED this 17th day of April, 2018.

                                                */s/ J. Leon Holmes*
                                          J. LEON HOLMES
                                          UNITED STATES DISTRICT JUDGE